UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ALI YOUSEF SULEIMAN | ) | |
| QAIS SULEIMAN | ) | |
| KAMAL ERRAIHANI And | ) | |
| MAROUANE BRAHMI | ) | |
| PLAINTIFFS, | ) | |
| | ) | |
| V. | ) | CIVIL ACTION NO. |
| | ) | |
| DRISS ELJADID And | ) | |
| BOSTON LIMO RIDE INC. | ) | |
| DEFENDANTS, | ) | |

**COMPLAINT AND JURY DEMAND**

**Introduction**

1. Plaintiffs, Ali Yousef Suleiman, Qais Suleiman, Kamal Erraihani, and Marouane Brahmi

   bring this action to recover unpaid wages and overtime pay for work Plaintiffs performed

   for Defendants,  Driss Eljadid and Boston Limo Ride Inc.  Defendants hired Plaintiffs to

   be Limo drivers and provide limousine services within the New England area.

   Defendants regularly and deliberately failed to pay Plaintiffs for all hours worked, paid

   Plaintiffs without providing paystubs or other records of pay, and did not provide

   overtime pay required by law.

2. As a result, Plaintiffs bring this action seeking their wages under the Fair Labor

   Standards Act ("FLSA"), 29 U.S.C. Section 201 et seq., and under M.G. L. c. 149,

   Section 149, Section 148 and under M.G. L. c. 151, Section 1A.  Plaintiffs seek, among

   other forms of relief, mandatory trebling of damages, liquidated damages, interest, and

   attorneys' fees and costs, as provided for by law.

**Parties**

3.  Plaintiff, Ali Yousef Suleiman is an adult resident of Massachusetts.  He worked for Defendants in 2021 and is due over $20,000.00.

4.  Plaintiff, Qais Suleiman is an adult resident of Massachusetts.  He worked for Defendants through April of 2021 and is due a minimum of $35,000.00.

5.  Plaintiff, Kamal Erraihani is an adult resident of Quincy, Massachusetts.  He worked for Defendants through April of 2021 and is due a minimum of $30,000.00.

6.  Plaintiff, Marouahne Brahmi is an adult resident of Revere, Massachusetts.  He worked for Defendants through April of 2021 and is due a minimum of $25,000.00.

7.  Defendant, Driss Eljadid is an adult resident of Massachusetts.  He is the principal of Boston Limo Ride Inc.

8.  Defendant, Boston Limo Ride Inc., is a Massachusetts corporation incorporated at 3 Barnes Avenue, Salem, MA 01970, according to the records with the Massachusetts Secretary of State's office.

9.  As reflected in corporate records filed with the Massachusetts Secretary of State's office, Driss Eljadid is listed as the resident agent for the Boston Limo Ride Inc.  Driss Eljadid is also listed as the President, Secretary,Treasurer, CEO and Director. On information and belief Driss Eljadid currently resides at 3 Barnes Avenue, Salem, M 01970.

10. On information and belief, Defendant  Eljadid substantially or exclusively controls policies and practices with respect to the payment of wages, including the policies and practices challenged in this case.

11. During the relevant time period, Boston Limo Ride Inc., was an enterprise engaged in interstate commerce under the Fair Labor Standards Act (FLSA) and the regulations interpreting the FLSA.

12. On information and belief, Defendants maintained annual gross sales of at least $500,000.00 during the relevant time period.

13. Defendants regularly transacted business in this district during the relevant time period.

## Jurisdiction and Venue

14. This Court has subject matter jurisdiction pursuant to 28 U.S.C. Section 1331 and 29 U.S.C. Section 216 (b).

15. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. Section 1367.

16. Defendants have their principal place of business in the District of Massachusetts and otherwise conduct business in this District and are therefore subject to personal jurisdiction in this District.

17. Venue is proper in the District of Massachusetts pursuant to 28 U.S.C. Section 1391, because Defendants are subject to personal jurisdiction in this District and because a substantial part of the acts or omissions giving rise to the claims addressed in this action occurred in this District.

## Factual Allegations

18. Plaintiffs were employees of the Defendants primarily between 2020 through 2021. Some having over five years relation with the Defendants

19. Plaintiff Ali Yousef Suleiman began working for Defendants in or about January of 2021.

20. Plaintiif Qais Suleiman began working for Defendants in or about April of 2021 through November of 2021.

21. Plaintiff Kamal Errahani began working for Defendants some five years ago.

22. Plaintiff Marouane Brahmi  began working for Defendants in or about January of 2021.

23. Plaintiffs performed limo services for Defendants.

24. Plaintiffs worked on numerous projects-rides throughout Massachusetts and the New England area, including traveling to New York area.

25. When the Plaintiffs were hired they were told they would use the vehicles of Defendants, and pay for their gas and that the Defendants would pay for all Tolls, insurance and would give them 50% of the gross for each ride-project plus the tips.

26. Plaintiffs worked many times more than eight hours per day.

27. Plaintiffs worked an average of 60 hours were week.

28. Plaintiffs were pressured to work more by Driss Eljadid who was responsible for all bookings.

29. As a result Plaintiffs on some weeks worked seven days  straight.

30. Plaintiffs regularly worked more than 40 hours per week throughout their employment, but were not paid overtime pay for hours worked above 40 hours.

31. Plaintiffs were significantly undercompensated for regular and overtime hours worked.

32. The nonpayment of wages continued until on or about late November 2021, when the Plaintiffs refused to work any longer without pay.

## COUNT I

### FAILURE TO PAY OVERTIME- FAIR LABOR STANDARDS ACT

33. Defendants violated 29 U.S.C. Section 207 (a) by failing Plaintiffs overtime compensation at one-and-a-half times his regularly rate for hours worked in excess of 40 Hours.

34. Defendants' violations of 29 U.S.C. Section 207 (a) were repeated, willful, and intentional.

35. Plaintiffs have been damaged by these violations of 29 U.S.C. Section 207 (a).

36. Pursuant to 29 U.S.C. Section 207 (a) ad Section 216 (b), Defendants are liable to Plaintiffs for the full amount of their unpaid overtime compensation, in an amount to be determined at trial, plus an additional equal amount as liquidated damages, plus the costs and reasonable attorneys' fees incurred by Plaintiffs in bringing this action.

## COUNT II

### FAILURE TO PAY OVERTIME- MASSACHUSETTS LAW

37. Defendants violated M.G.L.c. 151, Section 1A, by failing to pay Plaintiffs overtime compensation at one-and-a-half times his regular hourly rate for hours worked in excess of 40 hours per week.

38. Plaintiffs have been damaged by these violations of M.G.L.c. 151, Section 1A.

39. Defendants are liable to Plaintiffs pursuant to M.G.L.c. 151, Section 1A for the full amount of overtime wages owed, in an amount to be determined at trial, plus mandatory treble damages, costs, interest, and attorneys' fees.

## COUNT III

### NONPAYMENT OF WAGES- MASSACHUSETTS LAW

40. Defendants violated the Massachusetts Wage Act, M.G.L.c. 149, Section 149, Section 148, by failing to pay Plaintiffs for all hours worked and for failure to pay, on a timely basis, all wages due to Plaintiffs.

41. Plaintiffs have been damaged by these violations of M.G.L.c. 149, Section 148.

42. Defendants are liable to Plaintiffs pursuant to M.G.L.c. 149, Section 150, for the full amount of the wages owed, in an amount to be determined at trial, plus mandatory treble damages, costs, interest and attorneys' fees.

## **Prayer for Relief**

WHEREFORE, Plaintiffs request this Court enter the following relief:

A. Determine the damages sustained by Plaintiffs as a result of Defendants' violations of federal and state employment laws, including the Fair Labor Standards Act, the Massachusetts Wage Act, and other federal and state laws, rules, and regulations, and award those damages against Defendants in favor of Plaintiff, plus additional liquidated and treble damages and interest as provided for by law;

B. Award Plaintiff costs of this suit, including, without limitation, reasonable attorneys' fees; and

C. Any other or further relief as the Court may deem just and proper.

PLAINTIFF DEMANDS A JURY TRIAL ON ALL CLAIMS SO TRIABLE.

THE PLAINTIFFS'

By Their Attorney

/s/ Demetrios G. Kafkas

Demetrios G. Kafkas, BBO#565566
Kafkas Law Offices
The Charlestown Navy Yard
C1 Shipway Place
Charlestown, MA  02129
617-800-6932

December 5, 2022